# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **THOMAS W. HAYES,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:07CV00388 |
| | ) | |
| **v.** | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Thomas W. Hayes, Petitioner Pro Se.*

Petitioner Thomas W. Hayes, a federal inmate, submitted a letter to the court that I construed and asked the clerk to file as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2006). Hayes asserts that trial counsel provided ineffective assistance by promising Hayes that the government would offer him a plea bargain before taking his case to trial. Upon review of the § 2255 motion and court records, I find that Hayes's motion must be dismissed without prejudice because his direct appeal is pending.

Hayes pleaded not guilty to a superseding indictment charging him with conspiracy to distribute oxycodone. In January 2007, the court conducted a jury trial, and the jury found Hayes guilty as charged. On May 31, 2007, I sentenced Hayes to a term of 240 months imprisonment, a $2500 fine, and a six-year term of supervised

Dockets.Justia.com

release.  He filed a notice of appeal, and his appeal is now pending before the United States Court of Appeals for the Fourth Circuit, Case No. 07-4568.  By order entered July 17, 2007, the Fourth Circuit allowed Hayes's trial counsel to withdraw and appointed new counsel to represent Hayes for the appeal.

The well established general rule is that absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939).  Claims of ineffective assistance of counsel should be raised in a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255, and not on direct appeal, unless the record conclusively shows that counsel was ineffective.  *See United States v. King* 119 F.3d 290, 295 (4th Cir. 1997).  In any event, a federal habeas petitioner may bring an ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

As stated, Hayes raises claims that counsel provided ineffective assistance leading to his trial under circumstances that could not be conclusively demonstrated by the appeal record.  Hayes does not present any other extraordinary circumstances compelling this court to address his § 2255 motion during the pendency of his direct appeal.  Moreover, dismissal of this premature  § 2255 motion without prejudice will

not prevent Hayes from pursuing relief under § 2255 after appeal proceedings are completed. *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) (finding that prior § 2255 motion dismissed as premature does not trigger successive petition bar).

For these reasons, I will dismiss the § 2255 motion without prejudice as premature.

A separate Final Order will be entered herewith.

ENTER: August 19, 2007.

/s/ James P. Jones
Chief United States District Judge